**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3411-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MONTCELL COSTON, a/k/a
AQUEEL S. SALAMM,
AFUEEL SALAAM, AQUEEL
S. ALAAM, and AKUEEL S.
SALAM,

     Defendant-Appellant.

_____

        Submitted September 12, 2022 – Decided September 30, 2022

        Before Judges Currier and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-04-0544.

        Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

        William Reynolds, Atlantic County Prosecutor, attorney for respondent (Katrina M. Koerner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Montcell Coston appeals from the Law Division's April 29, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because the reasons expressed in the PCR judge's oral opinion are supported by sufficient credible evidence in the record, we affirm.

An Atlantic County grand jury charged defendant in a six-count indictment with unlawful possession of heroin, a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(b)(3); possession of CDS within 500 feet of certain public property, N.J.S.A. 2C:35-7.1(a); unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1), possession of a firearm while committing a CDS offense, N.J.S.A. 2C:39-4.1(a); and possession of a weapon as a certain person not to have weapons, N.J.S.A. 2C:39-7(b)(1).

In December 2017 and January 2018, a confidential informant made five controlled narcotics buys from defendant. Based upon information obtained from the confidential information, Atlantic City Police Department (ACPD) detectives conducted surveillance of two properties frequented by defendant. Defendant was also observed driving a motor vehicle registered to Y.S.[1] A

---

[1] We use initials for the individual who was not defendant in the criminal case nor a party to this appeal.

search warrant was then issued for the motor vehicle and both addresses. Heroin and a handgun were recovered by ACPD detectives.

Defendant pleaded guilty to possession of CDS within 500 feet of certain public property, N.J.S.A. 2C:35-7.1(a), and unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). The trial judge sentenced defendant to seven years in prison subject to a three-year parole bar for CDS possession and seven years with a three-and-a-half-year parole bar for handgun possession, both to run concurrently.

Defendant appealed his sentence. The appeal was heard on our Excessive Sentence Oral Calendar pursuant to Rule 2:9-11. We affirmed defendant's sentence and awarded him one additional day of jail credit. State v. Coston, No. A-3721-18 (App. Div. Dec. 2, 2019).

Defendant timely filed a PCR petition. Defendant asserted that plea counsel provided him with ineffective assistance of counsel because counsel failed to: (1) challenge defendant's confession as coerced and (2) move to suppress the evidence seized in the search warrant.

After hearing the parties' arguments, the PCR judge issued a well-reasoned oral opinion. Applying the well-recognized two-prong test to establish ineffective assistance of counsel as articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105

N.J. 42, 58 (1987), the PCR judge found that defendant's statements in the "pro se brief amount[ed] to bald and conclusory assertions without support that [were] insufficient to establish a prima facie case of ineffective assistance of counsel." The judge also determined that defendant's contentions (1) the confession was involuntary and (2) there was no probable cause for the search warrant were both without merit.

On appeal, defendant presents the same arguments for our consideration which were before the PCR judge:

> POINT I
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL TO EXPLAIN WHY SHE FAILED TO FILE A MOTION TO SUPPRESS [DEFENDANT'S] STATEMENT TO POLICE AS [DEFENDANT] WAS THREATENED BY POLICE.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING HER FAILURE TO CHALLENGE THE AFFIDAVIT IN SUPPORT OF THE APPLICATION FOR THE SEARCH WARRANT OF [DEFENDANT'S] VEHICLE AND RESIDENCES.

We affirm substantially for the reasons explained in the PCR judge's oral opinion, and therefore, need not address defendant's arguments in detail. We add only the following comments.

"We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010) (citations omitted), but "we review under the abuse of discretion standard the PCR [judge's] determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a prima facie claim of ineffective assistance of counsel, defendant is required to meet the standards set forth in Strickland, 466 U.S. at 687, and Fritz, 105 N.J. at 58. Defendant must show that "counsel's performance was deficient," and that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Preciose, 129 N.J. 451, 463-64 (1992) (quoting Strickland, 466 U.S. at 694); see also State v. Allegro, 193 N.J. 352, 366 (2008).

The second prong is "an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" Allegro, 193 N.J. at 366 (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). Applying this standard, we reject defendant's arguments.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); Preciose, 129 N.J. at 459. To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere assertion of a PCR claim does not entitle defendant to an evidentiary hearing and defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013).

The Recorded Statement

Defendant argues his recorded statement made at the ACPD was involuntary because he was "threatened by police" and told "if he did not admit the illegal contraband was his, then [Y.S.] . . . would be charged with the crimes."

6

Here, the PCR judge found defendant was given his Miranda[2] rights. The PCR judge determined defendant then voluntarily, knowingly, and intelligently waived those rights, and he agreed to speak with the officers. The PCR judge specifically found defendant on several occasions "clearly and unambiguously" took responsibility for the contraband and claimed ownership. The PCR judge correctly noted "there was no mention of anyone named "[Y.S.]" in the transcript of defendant's interview with police, despite defendant's claim that police threatened to charge [Y.S.] if he did not take responsibility for the contraband." Thus, there is no merit to defendant's argument that he did not waive his Miranda rights prior to giving his recorded statement.

Defendant further argues if prior trial counsel challenged the statement as being impermissible, it would have been barred. Defendant would have then "proceeded to trial and would have been acquitted." Defendant's assertion however fails to satisfy the first prong of the Strickland/Fritz test. Therefore, there is no merit to the argument.

The Search Warrant

Defendant asserts prior counsel was ineffective for failing to challenge the affidavit supporting of the search warrant for the two properties and the motor

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

7

vehicle owned by Y.S. Defendant likewise asserts there was no probable cause to issue the search warrants.

We find defendant's argument there was no probable cause for the search warrants is equally without merit. "Our constitutional jurisprudence expresses a decided preference that government officials first secure a warrant before conducting a search of a home or a person." State v. Watts, 223 N.J. 503, 513 (2015). We are satisfied those findings were based on the evidence in the record. Because there was no merit to defendant's assertion that there was no probable cause for the issuance of the warrants, it would have been fruitless for trial counsel to make the suppression motion. Therefore, defendant has not met either Strickland prong.

An application for a search warrant "must satisfy the issuing authority 'that there is probable cause to believe that . . . evidence of a crime is at the place sought to be searched.'" State v. Boone, 232 N.J. 417, 426 (2017) (quoting State v. Jones, 179 N.J. 377, 388 (2004)). "Probable cause for the issuance of a search warrant requires 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. Chippero, 201 N.J. 14, 28 (2009) (internal citations omitted). "[T]he probable cause determination must be . . . based on the information contained within the four corners of the supporting affidavit, as supplemented by sworn testimony before the issuing judge that is

recorded contemporaneously."  Boone, 232 N.J. at 427 (alteration in original) (quoting State v. Marshall, 199 N.J. 602, 611 (2009)). Thus, a search warrant is presumed valid, and the defendant bears the burden to show that it was issued without probable cause or that the search was "'otherwise unreasonable.'" Chippero, 201 N.J. at 26 (quoting State v. Evers, 175 N.J. 355, 381 (2003)).

Applying the foregoing legal principles, we agree with the PCR judge defendant failed to satisfy Strickland/Fritz and find sufficient credible support in the record.  We are satisfied plea counsel's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.  We discern no abuse of discretion in the judge's consideration of the issues, or in the decision to deny the petition without an evidentiary hearing.

To the extent we have failed to address specifically any other argument raised by defendant, it is because we have deemed any such contention meritless to warrant discussion in this opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3411-20